IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL LEE HANSON,<br><br>             Plaintiff,<br><br>       vs.<br><br>CASCADE COUNTY ATTORNEY'S OFFICE, CASCADE COUNTY SHERIFF'S OFFICE, GREAT FALLS HUMANE SOCIETY,<br><br>             Defendants. | CV 08-53-GF-SEH-RKS<br><br>**FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |

## PROCEDURAL HISTORY

The history of this case is a complicated one. On July 28, 2008, Plaintiff, Mr. Michael Hanson, filed a motion to proceed in forma pauperis and a lodged complaint. (C.D. 1, 2.) In forma pauperis status was denied on August 5, 2008. (C.D. 5.) On September 2,

2008, Mr. Hanson again filed this action under 42 U.S.C. § 1983 against Defendants, Cascade County Sheriff's Office and Cascade County Attorney's Office ("County Defendants").[1]  The County Defendants answered (C.D. 16), denying the allegations.  Mr. Hanson filed numerous motions (C.D. 19, 21, 23, 26, 32, 34, 35, 36) which were denied (C.D. 20, 28, 37, 38).

 Mr. Hanson then filed, with leave of Court (C.D. 38, 41, 49), an Amended Complaint (C.D. 46) alleging the County Defendants violated his civil rights, including: his right to Due Process, his right to effective counsel, his right to dignity under the Montana Constitution, and his right as a Christian Native American to operate a no-kill animal refuge.  He also claims the County Defendants trespassed on his property without a warrant, euthanized animals unnecessarily, destroyed his property, slandered and

---

[1] Plaintiff also named the Great Falls Humane Society in his Amended Complaint.  After being served (C.D. 51, 52, 53), the "Great Falls Humane Society" answered (C.D. 56).  The entity's true name is the Humane Society of Cascade County ("HSCC").  The HSCC has not joined in the present Motion by the County Defendants.

harassed him, and interfered with his daily activities of living. Mr. Hanson seeks monetary and injunctive relief. See Amended Complaint, C.D. 46. The County Defendants answered, denying the allegations. (C.D. 54.)

At a hearing held April 29, 2009, the Court requested briefing on the issue of subject matter jurisdiction. (C.D. 38.) Mr. Hanson's Amended Complaint was filed in the interim, and the Court requested supplemental briefing from the County Defendants and Mr. Hanson. (C.D. 49, 59.) Briefing was complete on September 1, 2009, and the issue of subject matter jurisdiction is ripe for decision.[2]

Mr. Hanson's pro se complaint has been "liberally construed." See Erickson v. Pardus,551 U.S. 89, ___, 127 S.Ct. 2197, 2200 (2007). However, all conclusory allegations and legal conclusions are disregarded.

---

[2] Mr. Hanson also filed replies (C.D. 55, 60) to the County Defendants' Answer (C.D. 54) and HSCC's Answer (C.D. 56). Because replies to Answers are not allowed except upon order of the Court, Fed. R. Civ. P. 7, those documents are not entitled to be considered, but were. Their allegations do not change this order in any way.

Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009).

## JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The case is referred to the undersigned to issue findings and recommendations by Order of the Honorable Sam. E. Haddon. (C.D. 63.) See also 28 U.S.C. § 636. Venue is proper. 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

Much like the procedural history of this case, the factual history is complex. This case has its origins in complaints made against Mr. Hanson and his spouse, Ms. Pamela Polejewski, about the number and condition of animals kept by Mr. Hanson and Ms. Polejewski on the property at 77 Wexford Lane, Great Falls, Montana, owned by Ms. Polejewski. Those complaints ultimately resulted in the prosecution of Mr. Hanson, in Cascade County Justice Court, for cruelty to animals, which resulted in a deferred prosecution agreement. (C.D. 58-3.) Ms. Polejewski was charged with, and pled guilty or no contest to, failure to vaccinate, failure

to tag, and cruelty to animals. (C.D. 42-5.)

On August 10, 2005, a Cascade County Animal Control Officer received a complaint about underfed horses and dogs whining on the property at 77 Wexford Lane. The officer entered the property without a search warrant on August 10, 2005, but later obtained a warrant. Mr. Hanson filed a motion to suppress the evidence obtained on August 10, 2005, and the evidence obtained after a search warrant was issued. Justice of the Peace Samuel Harris found that exigent circumstances existed that justified the officer's warrantless entry onto the property at 77 Wexford Lane on August 10, 2005. The motion to suppress was denied on November 27, 2005. (C.D. 42-2.)

Meanwhile, in August 2005, the Cascade County Attorney's Office filed a Petition for Animal Welfare in the Eighth Judicial District Court, seeking to form a care plan for the animals. (See C.D. 42-3.) An agreement was reached between Mr. Hanson, Ms. Polejewski, and the State for the care and adoption of the animals on October 31, 2005. The agreement

provided adoptable dogs would be immediately made ready for adoption via rescue organizations, Defendants could not adopt out dogs without notice to the State and certain other conditions, and that no animals could leave the property except as provided in the adoption procedure or to seek emergency veterinary care.  Id. The State District Court ordered the parties abide by the agreement on November 1, 2005.

In December 2005, the State again petitioned the District Court, this time seeking an order to seize animals from the property at 77 Wexford Lane due to the failure of Mr. Hanson and Ms. Polejewski to abide by the agreement.  (Id.)  The State District Court granted the State's petition, stating:

> "[T]he State of Montana may remove as many dogs as the State can accommodate on December 19, 2005 at 1:00 o'clock p.m. and, furthermore, the State may remove additional dogs from the property as State resources allow upon two (2) days prior notice to the Defendants.
>
> IT IS FURTHER HEREBY ORDERED that the Defendants shall provide to the State of Montana all documentation pertaining to any adoptions effectuated by the Defendants since November 1, 2005. Furthermore, the Defendants shall be required to consult with the State

    prior to effectuating any further adoptions pursuant to the stipulation and order of the Court." (Id.)

In January 2006, Ms. Polejewski pled guilty to numerous counts of failure to vaccinate and failure to tag, and pled no contest to one count of animal cruelty. She received a suspended sentence, subject to several conditions, including that she did not own or possess and dogs or cats on her property, and that the property was subject to search upon reasonable suspicion to enforce the sentence.

On December 18, 2006, Ms. Polejewski's suspended sentence was revoked, and a new suspended sentence was imposed. Justice of the Peace Harris found Ms. Polejewski "deliberately violated the court's orders regarding animals and engaged in simple artifice intended to get around the conditions of sentence and claim technical compliance." (C.D. 42-6.) That artifice included "sham transactions such as 'renting' her residence to her live-in boyfriend [Plaintiff, Mr. Hanson] and 'selling' or 'transferring' her dogs to him to claim that she is not in possession of the animals

or that they are not on 'her' premises." (<u>Id</u>.)

Also arising from these events are several other court matters.  Ms. Polejewski has pending cases before the Montana Supreme Court and the State District Court, both relating to her guilty pleas in the underlying State criminal action.  She also has pending a claim for civil damages against Cascade County officials for various alleged civil liberties violations.  (C.D. 58, ex. 5.)  Mr. Hanson and Ms. Polejewski are further litigating against several individuals for what is essentially defamation, based upon the underlying circumstances of the State case.  (C.D. 58, ex. 6.)  Finally, Ms. Polejewski filed suit against Tracy Bennett for allegedly filing a false police report in the underlying State case.  A jury found in favor of Bennett, and Ms. Polejewski is pursuing an appeal before the Montana Supreme Court.  (C.D. 58, ex. 9.)

## **DISCUSSION**

"If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Federal

jurisdiction exists in cases which present a federal question, 28 U.S.C. § 1331, or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Mr. Hanson cannot establish complete diversity; the only remaining possibility is federal question.

While 42 U.S.C. § 1983 is indeed a federal statute that could give rise to jurisdiction, federal jurisdiction does not lie under the Rooker-Feldman doctrine and the Court should not exercise supplemental jurisdiction.

**A. Rooker-Feldman Doctrine**

Under the Rooker-Feldman doctrine, a federal court cannot exercise appellate review over final state court judgments. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 585-59 (9th Cir. 2008). The doctrine applies when a plaintiff asserts a wrong based upon an allegedly erroneous state court judgment and seeks relief from that judgment, or when the plaintiff seeks a *de facto* appeal from the state court judgment. Id. At 859. An action constitutes a *de facto* appeal when "claims

raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id.

Any claims related to the warrantless entry onto the property at 77 Wexford Lane are barred by the Rooker-Feldman doctrine. Justice of the Peace Harris determined that exigent circumstances existed to justify the warrantless entry. See C.D. 42-2. The propriety of the warrantless search was litigated before Justice of the Peace Harris, who found it was justified. For this court to adjudicate that claim would essentially require review of Justice of the Peace Harris's ruling and would undercut the state court judgment.

Further, adjudicating claims regarding other state court judgments, such as: law enforcement activity, the seizure order, plea agreement, and deferred prosecution agreement, are barred by Rooker-Feldman because again,

to do so would require review of those judgments and undercut the state judgments.

What Mr. Hanson seeks is exactly what <u>Rooker-Feldman</u> prohibits - federal review of, and in essence an appeal from, numerous state court rulings. Thus, Mr. Hanson's claims regarding Due Process (apparently related to the seizure order), the right to counsel (apparently related to the deferred prosecution agreement, although he was represented), law enforcement activity, and his past criminal and civil proceedings in state court should be dismissed for lack of jurisdiction under <u>Rooker-Feldman</u>.

**B. Equal Protection Claim**

Mr. Hanson's only remaining potential federal jurisdictional allegation is his assertion that his right as a Christian Native American to operate a no-kill animal shelter was violated by the County Defendants.

Under § 1983, Mr. Hanson must allege the deprivation of a federal right under color of state law. 42 U.S.C. § 1983. Violation of the Equal

Protection Clause of the Unites States Constitution can be a valid § 1983 claim.

To state an Equal Protection claim, Mr. Hanson show he is a member of a protected class, and he must plead intentional, unlawful discrimination, or at minimum, facts that could give rise to the inference of discriminatory intent.  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1987).  He has not done so.

Mr. Hanson's Amended Complaint lacks any facts that would tend to establish Mr. Hanson is a member of a protected class, or that would give rise to the inference the County Defendants intentionally discriminated against him.

Simply stating a right, as a Christian Native American, to run a no-kill animal refuge does not make such a right a federally protected right.  The Court has not found authority for that proposition, not has Mr. Hanson provided any.  Mr. Hanson has not invoked the Court's subject matter jurisdiction on this claim,

and it should be dismissed for lack of jurisdiction.

**C.   Supplemental Jurisdiction**

Mr. Hanson alleges several state law claims in his Amended Complaint, including that the County Defendants trespassed, destroyed his property, slandered and harassed him, and interfered with his daily activities of living.

A court may decline to exercise supplemental jurisdiction all the claims over which is has original jurisdiction are dismissed.  28 U.S.C. § 1367(c)(3).

The Court should not exercise supplemental jurisdiction over Mr. Hanson's state law claims as all the potential federal claims have been recommended for dismissal.  Id.; Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) citing San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1998)(district court not required to provide explanation when declining supplemental jurisdiction under § 1367(c)(3)).

## CONCLUSION

Mr. Hanson in substance seeks federal judicial

review of numerous state court judgments, all stemming from the same factual scenario - the care and custody of animals owned by him on the property at 77 Wexford Lane. Claims such as this are barred by the <u>Rooker-Feldman</u> doctrine. Mr. Hanson has not invoked federal jurisdiction for his purported Equal Protection claim. Further, the Court does not have original jurisdiction over Mr. Hanson's remaining claims. All Mr. Hanson's federal claims should be dismissed for lack of jurisdiction, and the Court should decline to exercise supplemental jurisdiction.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. The Court should **DISMISS** Mr. Hanson's federal claims for lack of jurisdiction.

2. The Court should decline to exercise supplemental jurisdiction on Mr. Hanson's remaining claims and **DISMISS** them without prejudice.

## **NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and

Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 8th day of October, 2009.

>*/s/ Keith Strong*
> Keith Strong
> United States Magistrate Judge