IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL LEE HANSON,<br><br>              Plaintiff,<br><br>     vs.<br><br>CASCADE COUNTY ATTORNEY'S OFFICE, CASCADE COUNTY SHERIFF'S OFFICE, GREAT FALLS HUMANE SOCIETY,<br><br>              Defendants. | CV 08-53-GF-SEH-RKS<br><br>**ORDER AND FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |

**PROCEDURAL HISTORY**

On October 8, 2009, this Court issued Findings and Recommendations, recommending that Plaintiff, Mr. Hanson's federal claims be dismissed and that the Court decline supplemental jurisdiction on his remaining state claims against Defendants Cascade County Attorney's Office and Cascade County Sheriff's Office

("County Defendants"). C.D. 65. On October 15, 2009, Mr. Hanson filed a response to the Findings and Recommendations (C.D. 66), which is presumably an objection to the Findings and Recommendations. The County Defendants did not object. C.D. 69.

On November 2, 2009, Mr. Hanson also filed a Notice of Objection. C.D. 72. On November 5, 2009, Mr. Hanson filed an Unopposed Motion for Leave to file an Amended Complaint. C.D. 73. On November 6, 2009, the Humane Society of Cascade County ("HSCC")filed a Notice regarding Subject Matter Jurisdiction, which is construed as a Motion to Dismiss for lack of subject matter jurisdiction. C.D. 74. On November 9, 2009, HSCC filed a response to Mr. Hanson's Unopposed Motion (C.D. 73), indicating it did object and that leave to amend should be denied. Finally, on November 18, 2009, Mr. Hanson filed a Brief in Support of his Motion to Amend and a Proposed Second Amended Complaint. C.D. 76, 77.

Mr. Hanson's Motion for Leave to Amend is fully briefed and ripe for decision. No further briefing on

this motion shall be allowed.

Defendant HSCC's Motion to Dismiss (C.D. 74) will be ruled upon by separate order once briefing is complete.

## JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The case is referred to the undersigned to issue findings and recommendations by Order of the Honorable Sam. E. Haddon. C.D. 63, see also 28 U.S.C. § 636. Venue is proper. 28 U.S.C. § 1391.

## DISCUSSION

Mr. Hanson seeks leave to amend his Amended Complaint, stating he has "new information" regarding his case. C.D. 73.

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). However, if an amendment would be futile, the Court may

deny leave to amend.  Id., Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Allowing Mr. Hanson to file his Proposed Amended Complaint (C.D. 77) would be futile.  He alleges no "new information."  He does not clarify or supplement any of his prior claims.  The Proposed Amended Complaint simply rehashes all Mr. Hanson's former allegations, which do not constitute any valid claims.  Even taking all these allegations as true; see Id., Nissan Motor Co. Ltd. v. Nissan Computer Corp., 204 F.R.D. 460, note 5; no relief may be granted on those claims.

Therefore, **IT IS HEREBY RECOMMENDED** that:

Mr. Hanson's Motion for Leave to Amend (C.D. 73) should be **DENIED.**

Further, it is **HEREBY ORDERED** that:

On or before **November 30, 2009**, Mr. Hanson shall file a response to Defendant HSCC's Motion to Dismiss (C.D. 74). No other briefing on Defendant HSCC's motion shall be allowed.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 19th day of November, 2009.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge