IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL LEE HANSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>CASCADE COUNTY ATTORNEY'S OFFICE, CASCADE COUNTY SHERIFF'S OFFICE, GREAT FALLS HUMANE SOCIETY,<br><br>    Defendants. | CV 08-53-GF-SEH-RKS<br><br>**AMENDED FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |

## PROCEDURAL HISTORY

The complex procedural history of this case was set forth in this Court's previous findings and recommendations, which are currently pending before the Honorable Sam E. Haddon. (C.D. 65.)  Since the findings and recommendations were filed, Mr. Hanson sought to

amend his complaint.  (C.D. 73.)  The undersigned recommended denial of that motion, which also is pending before the Honorable Sam E. Haddon.  (C.D. 78.)

Defendant Humane Society of Cascade County ("HSCC")[1] also moved to dismiss Mr. Hanson's claims against it.  (C.D. 74.)  Mr. Hanson responded (C.D. 80), and briefing on the motion to dismiss is complete.

## JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  The case is referred to the undersigned to issue findings and recommendations by Order of the Honorable Sam E. Haddon.  (C.D. 63.)  See also 28 U.S.C. § 636. Venue is proper.  28 U.S.C. § 1391.

## FACTUAL BACKGROUND

This case's lengthy factual background was discussed in the Court's prior findings and recommendations, and for the sake of brevity will not be recited here.  See C.D. 65.  Those facts are equally applicable to Defendant HSCC and the current motion.

---

[1]  The Humane Society of Cascade County ("HSCC") is the actual name of Defendant Great Falls Humane Society.

## DISCUSSION

Mr. Hanson's claims against the HSCC are barred for
the same reasons stated in the Court's findings and
recommendations regarding the Cascade County Attorney's
Office and the Cascade County Sheriff's Office ("County
Defendants").  <u>See</u> C.D. 65.

Mr. Hanson's response to HSCC's motion simply
restates in rambling fashion, and in many instances
expands on, all his prior claims relating to the
warrantless entry onto the property at 77 Wexford Lane,
the seizure of animals on that property, and his
deferred prosecution agreement.  It does not address
the HSCC's subject matter jurisdiction arguments in any
way.

Mr. Hanson's claims regarding the warrantless
entry, the seizure of animals, and his deferred
prosecution agreement are barred by the <u>Rooker-Feldman</u>
doctrine.  <u>Reusser v. Wachovia Bank</u>, N.A., 525 F.3d
855, 855-59 (9th Cir. 2008).  Federal court
adjudication of those claims would undercut prior state
court judgments or constitute *de facto* appeals of state

court orders.  Id.

Further, Mr. Hanson's potential Equal Protection claim fails, again for the reasons stated in the Court's previous findings and recommendations.  See C.D. 65.  He has provided no authority for his allegation that his right as a Christian Native American to operate a no-kill animal refuge was violated.  He has alleged no facts, other than conclusory allegations, that would give rise to even an inference the HSCC intentionally discriminated against him.  See Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1987).

Finally, for the same reasons set forth in the Court's previous findings and recommendations, the Court should decline to exercise supplemental jurisdiction over any state claims alleged by Mr. Hanson.  28 U.S.C. § 1367(c)(3); Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) citing San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1998)(district court not required to provide explanation when declining supplemental jurisdiction

under § 1367(c)(3)).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1.  Defendant HSCC's motion to dismiss (C.D. 74) should be **GRANTED**;

2.  Mr. Hanson's federal claims against the HSCC should be **DISMISSED** for lack of jurisdiction;

2.  the Court should decline to exercise supplemental jurisdiction over Mr. Hanson's remaining state claims and **DISMISS** them without prejudice.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole

or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo

determination by the district judge.


    DATED this 1st day of December, 2009.


                            /s/ Keith Strong
                            Keith Strong
                            United States Magistrate Judge